THE PEOPLE *ex rel.* Estelle Smith Baird, Appellee, *vs.*
LEWIS G. STEVENSON *et al.* Appellants.

*Opinion filed December 22, 1915.*

1. CIVIL SERVICE—*the State Civil Service Commission exercises
purely statutory powers.* The State Civil Service Commission ex-
ercises purely statutory powers and must find in the statute its
warrant for the exercise of any authority it claims.

2. SAME—*State commission cannot require person in classified
service to take examination.* The State Civil Service Commission
has no power to require a person already in the classified service
to appear and take an examination by the commission, whether
such person became a member of the classified service through an
entrance examination or by the express terms of the statute declar-
ing persons holding places of employment when the act took effect
to be members of classified service without original examination.

3. SAME—*the State commission cannot discharge employee in
classified service except upon written charges.* The provisions of
the Civil Service act with reference to the duties of the State Civil
Service Commission to investigate and report as to the efficiency
of employees in the classified service do not authorize the commis-
sion to discharge an employee in the classified service except upon
written charges, with an opportunity to appear and defend, and it
is without power to discharge such an employee for failing to ap-
pear and take an examination before the commission to determine
her fitness to retain her position.

APPEAL from the Circuit Court of Sangamon county;
the Hon. JAMES A. CREIGHTON, Judge, presiding.

P. J. LUCEY, Attorney General, and GEORGE P. RAM-
SEY, for appellants.

GEORGE B. GILLESPIE, (GILLESPIE & FITZGERALD, of
counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the
court:

Estelle Smith Baird filed in the circuit court of San-
gamon county her petition for a writ of *mandamus* com-
manding Harry Woods, Secretary of State and *ex-officio*

State librarian, to restore her to her position of assistant
State librarian and to certify from time to time pay-rolls
for the payment of her salary, and commanding the mem-
bers of the State Civil Service Commission to restore her
to the classified civil service of the State as an employee
in said position and to certify from time to time pay-rolls
for the payment of her salary. During the pendency of
the suit Harry Woods died, and Lewis G. Stevenson, his
successor in office, was substituted as a defendant. A gen-
eral demurrer to the petition was interposed by the defend-
ants and was overruled. The defendants elected to stand
by their demurrer, and judgment was entered awarding the
writ, from which the defendants appealed.

The facts alleged in the petition and admitted by the
demurrer are as follows: For more than a year prior to
June 10, 1911, the relator had been assistant librarian in
the Illinois State library under an appointment by the Sec-
retary of State and *ex-officio* State librarian, and she held
such position subject to the provisions of the Civil Service
law and the rules of the State Civil Service Commission
at a salary of $75 per month, payable monthly, until No-
vember 15, 1913, when Harry Woods, Secretary of State,
forcibly removed her from her position without preferring
any written charge against her or affording her an oppor-
tunity to be heard in her own defense and upon the sole
ground that she was a republican in politics and had been
appointed by his predecessor. She filed a complaint with
the State Civil Service Commission setting forth the fact
of her unlawful removal, and the commission entered an
order on December 8, 1913, ordering Woods to re-instate
her. Woods thereupon filed with the commission written
charges against the relator, alleging incompetency, absence
from duty without leave and offensive and insubordinate
conduct. On January 27, 1914, the charges were heard
upon the testimony of witnesses, and the commission found
that they were not sustained and ordered the relator re-

stored to her position, with pay from November 15, 1913, the day of her forcible removal by Woods. The commission, however, ordered her, and all other employees in the State library who had not qualified for their positions by examination, to take the next examination for the position of assistant State librarian. The relator did not take the next examination, which was held on March 21, 1914, and the commission ordered its secretary to prefer charges against her for a failure to obey its order. On May 12, 1914, the secretary of the commission preferred the charges, as directed, and on June 2, 1914, the relator not appearing, the commission ordered her to be discharged from the position of assistant librarian and from the service of the State.

The Attorney General correctly states the question presented to this court, as follows: "Can the State Civil Service Commission require a person already by law in the classified civil service of the State without prior examination, to take an examination which will test his or her competency, efficiency and qualifications to perform the duties of the office in which he or she is employed, and discharge such person for failure and refusal to take such an examination?" For the solution of that question resort must be had to the statute, since the State Civil Service Commission exercises purely statutory powers and must find in the statute its warrant for the exercise of any authority which it claims.

The Civil Service act was amended in 1911 by an act approved on June 10 of that year, (Laws of 1911, p. 222,) and relator was then in the service of the State as assistant State librarian. Section 3 of the amended act required the commissioners to classify all offices and places of employment in the State service except those expressly exempted from the operation of the act, and declared that the offices and places so classified should constitute the classified civil service of the State, and that no appointment to any offices

or places should be made except under the provisions of
the act and the rules of the commission. By section 3*b* all.
persons who held offices or places of employment when the
amended act took effect were to be classified under the
provisions of the act and become members of the classified
State civil service without original examination, but sec-
tion 6 provided that all future applicants for offices or
places in the classified service, except those exempt from
the operation of the act, should be subjected to examina-
tions, which should be public, competitive and free to all
citizens of the State who might be lawfully appointed to
any office or place in the service of the State. Section 12
provided that no officer or employee in the classified civil
service should be removed or discharged except for cause,
upon written charges and after an opportunity to be heard
in his own defense before the State Civil Service Commis-
sion or some officer or board appointed by the commission
to conduct the investigation. The act provided for two,
and only two, examinations,—one an original or qualifying
examination of an applicant for entrance into the State
service, and the other a promotional examination governed
by the same rules as the original examinations but with
different provisions as to the persons eligible to such ex-
aminations. There is nothing in the statute which au-
thorizes the State Civil Service Commission to require a
member of the classified State civil service to take an
examination before the commission, whether .the officer
or employee became a member of such classified service
through an entrance examination or by the express terms
of the statute declaring that those who held offices or
places of employment when the amended act took effect
should become members of the classified State civil service
without original examinations. All are secured in their
positions by a prohibition against removal except upon
written charges and a hearing with an opportunity to de-
fend against the charges.

Other duties than holding examinations and hearing charges preferred under the act are imposed on the State Civil Service Commission. By section 4, in addition to making rules for examination, appointments, transfers and removals, the commission is required to make rules for the purposes of the act and for maintaining and keeping records of the efficiency of officers and employees and groups of officers and employees, in accordance with the provisions of the act. Section 14 makes it the duty of the commission to investigate the efficiency of all officers and employees and of all groups of officers and employees in the classified service, and to report to each officer, board or other authority in charge of any institution, office or department of the State government its findings and recommendations relative to increasing efficiency and economy therein. In case the recommendations so made are not carried into effect or in case of a difference of opinion between the commission and the officer, board or other authority in charge of the institution, office or department, the report, accompanied by a note of the relevant facts, is to be transmitted to the Governor. These provisions, however, confer no authority to require an examination of any officer or employee in the classified service. The object of the Civil Service act is to increase the efficiency of the public service, (*People* v. *McCullough,* 254 Ill. 9,) and it was intended to accomplish this result both by examination of applicants not already in the service of the State when the act took effect and by investigations by the commission as to the efficiency of officers and employees. The manifest purpose of such investigations and recommendations for increasing efficiency and economy, and, upon a disagreement or a failure to carry the recommendations into effect, a report to the Governor, is to obtain better practical results in the State service by improving methods, utilizing the services of the employees in the best manner, and the like, in order that the State may obtain its money's

worth in the service rendered. They give no warrant for disregarding the plain provision of the statute that no employee in the classified service shall be discharged except upon written charges, with an opportunity to appear and defend.

The order of the State Civil Service Commission that the relator should appear and take an examination was unauthorized by law. She had a right to disregard it and the order for her discharge was void.

The judgment is affirmed.     *Judgment affirmed.*