W. M. WILKINSON

*v.*

STATE OF ILLINOIS.

*Opinion filed May 7, 1917.*

FEES AND SALARIES—*payment of to civil service employee unlawfully discharged.* An employee in the Classified State Civil Service, is entitled to payment of salary for the period of his discharge, when such discharge is unlawfully made.

H. J. Slagle, for Claimant.

Edward J. Brundage, Attorney General, for State.

Claimant was chief engineer at the Jacksonville State Hospital on April 30, 1915, and for several years prior thereto, and was a member of the classified service under the so-called Civil Service Law.

He had been required to submit to a so-called Efficiency Examination, and failing to receive the grade required by the Civil Service Commission was dismissed from service on April 15, 1915. At that time he was receiving a salary of $121.00 per month. He was reinstated on February 1, 1916. Had he been continuously employed, his salary beginning September 1, 1915, would have been $162.00 per month under a general order adopted by the Board of Administration, and approved by the Civil Service Commission. During the time he was absent from duty, he worked for the City of Jacksonville and earned $600.00. He now seeks to recover the amount he would have earned, had he been continuously on duty, $1,294.00, less the amount received from the City of Jacksonville, $600.00, or a total of $694.00.

Claimant contends that he was unlawfully discharged, in consequence of which he should be entitled to pay while off duty. No written charges had been preferred against him. In the case of *Baird* v. *Stevenson,* 270 Ill. 569, it was held that employees in the classified service could not be required to take examination as a test of their efficiency, and following the rendition of that opinion, the Civil Service Commission passed a resolution reinstating claimant to his position. The State, by the Attorney General, does not take issue with claimant on the merits of his claim.

Inasmuch as claimant was unlawfully discharged, it is the opinion of this Court that he should be paid for the time lost. Taking into consideration the amount of money earned during his absence from duty, it is the opinion of this Court that claimant be awarded the sum of six hundred ninety-four and 00/100 ($694.00) dollars.