(No. 22099.—)

THE PEOPLE *ex rel.* R. W. Hamilton, Plaintiff in Error, *vs.* BARNEY COHEN, Director of the Department of Labor *et al.* Defendants in Error.

*Opinion filed February 23, 1934.*

WILLIS B. WOOD, JOHN BRUCKMAN, and GILLESPIE, BURKE & GILLESPIE, for plaintiff in error.

OTTO KERNER, Attorney General, (J. J. NEIGER, of counsel,) for defendants in error.

Mr. JUSTICE JONES delivered the opinion of the court:

R. W. Hamilton, relator, filed a petition in the circuit court of Sangamon county for a writ of *mandamus* to compel the State civil service commissioners and the Director of the Department of Labor to re-instate him as assistant chief factory inspector and to compel the Auditor of Public Accounts and the State Treasurer to sign and issue warrants for his salary. A demurrer to the petition was sustained. Relator elected to stand by his petition and it was dismissed. The cause is here for review on writ of error.

The petition alleges that relator was appointed assistant chief State factory inspector July 1, 1917, and held that office until September 9, 1932; that on the last named day he was served with a discharge notice signed by Bernard A. Weaver, chief State factory inspector, which notice stated that the cause of discharge is the destroying of records in the department of factory inspection and compiling changed records to replace those destroyed; that on the same day a copy of the discharge notice was filed with the Civil Service Commission, and relator was by the commission immediately removed from the list of State civil service employees; that relator was not guilty of the charge, but Weaver, being desirous of removing relator,

seized upon a trivial incident as an excuse for so doing; that within five days after the service of the notice relator filed with the Civil Service Commission a statement in writing alleging that his removal was made for political causes and not for the cause set forth in the discharge notice; that the hearing before the Civil Service Commission was set for September 27, 1932, and continued to October 4, 1932, at which time testimony was submitted on behalf of relator and Weaver; that on November 15, 1932, relator submitted additional testimony in support of his petition, and also filed a motion to be re-instated as assistant chief factory inspector for the reason that the discharge notice was not signed by the appointing officer, as provided in section 12 of the Civil Service act; that the motion was taken under advisement and the hearing continued generally; that subsequently the personnel of the commission changed, and on April 17, 1933, relator served upon the new members of the commission and the other officers above named a demand for his re-instatement on the ground set forth in his motion of November 15, 1932; that the Civil Service Commission has made no decision on the motion of relator for re-instatement but has failed and refused to re-instate him, and that the discharge notice was void because it was not signed by the appointing officer.

Respondents have filed a motion in this court to transfer the cause to the Appellate Court. The Supreme Court has jurisdiction of any cause where the State has a direct and substantial interest in the outcome of the suit. (*People* v. *Walsh,* 343 Ill. 136.) The State is not a party to this proceeding, nevertheless it is sought to compel its officers to issue warrants payable out of the State's funds. In similar cases this court has entertained jurisdiction. (*People* v. *Stevenson,* 270 Ill. 569, and 272 id. 215; *People* v. *Schmidt,* 281 id. 211; *People* v. *Brown,* 281 id. 390; *People* v. *Burdett,* 283 id. 124.) The motion to transfer the cause is denied.

No complaint is made by relator because the Civil Service Commission has not determined the merits of the allegations contained in the written statement. The complaint is that the discharge notice was not signed by the appointing officer, and the commission should therefore have allowed the motion for re-instatement. The motion was not filed until November 15, 1932, at the conclusion of the hearing on the merits. Proceedings to re-instate a discharged employee in the classified service are purely statutory, and the Civil Service Commission has no greater powers than those conferred on it by the statute. Section 12 of the Civil Service act contains the provisions applicable to this case. It provides that no employee in the classified service of the State shall be removed, discharged or reduced by the appointing officer except for just cause. It defines the term "just cause" to mean any cause which is detrimental to the public service, other than political, racial or religious. When an appointing officer removes an employee he is required to deliver to the employee a statement in writing setting forth the cause of the removal. A duplicate of such statement shall be filed in the office of the Civil Service Commission, with a notation thereon showing proof of service upon the employee. When these prerequisites are complied with, the removal becomes immediately effective. The employee is given a right to a hearing before the Civil Service Commission, provided he files a statement in writing alleging that his removal was made for political, racial or religious causes and that he believes he will be able to establish such fact. On the hearing the commission is limited to a decision as to whether or not the removal was made for political, racial or religious causes. The statute expressly provides that it shall have no jurisdiction or authority to review, consider or determine any other question. Whether or not an employee has been removed without just cause is not a matter within the jurisdiction of the commission

to determine unless the removal was for political, racial or religious reasons.

The relator's statement alleged that his removal was for political causes and not for the cause set forth in the discharge notice. In such a case, if the commission should find the employee was not discharged for political causes, it would make no difference whether he was guilty of the charge contained in the removal notice or not. We are not to be understood as saying that the commission would have no right to inquire into the alleged cause of discharge as one of the factors in determining whether the employee was discharged for political causes. The statute leaves the appointing officer without restriction or restraint by the commission as to removals for any cause other than the three above mentioned.

The statement filed by the relator within five days after his removal admitted that he was discharged, and he demanded a hearing before the commission on the sole ground that the charge was invalid because it was based on political causes. It was not until after two hearings were had upon that issue, and more than two months after his discharge, that he made a motion to be re-instated because the statement of discharge was not signed by the appointing officer. The theory of the motion is utterly inconsistent with the allegations of his original statement. The statement did not question the fact of his discharge by the appointing officer but admitted it. The motion, however, asserts that he was not discharged by the appointing officer. It is a general rule that where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun, change his ground and assign another and an inconsistent cause for his action. *Schuyler County* v. *Missouri Bridge Co.* 256 Ill. 348; *Miller* v. *Gordon,* 296 id. 346.

A writ of *mandamus* is a discretionary writ and the court will not order it in doubtful cases. (*Kenneally* v.

*City of Chicago*, 220 Ill. 485.) It is detrimental to orderly procedure to permit a party who has caused witnesses to be examined and the commission to sit in hearings to change front and ask for relief on altogether new and different grounds. There is no reason at all shown for the relator's delay in making the motion. Courts, in granting or refusing writs of *mandamus*, exercise judicial discretion and are governed by what seems necessary and proper to be done in the particular instance for the obtainment of justice. *People* v. *Board of Supervisors*, 185 Ill. 288.

The judgment of the circuit court dismissing the petition for writ of *mandamus* is affirmed.

*Judgment affirmed.*