People ex rel. Fred B. Pletcher and Alma D. Pletcher, Appellants, v. William Dolan, Appellee.

Gen. No. 9,368.

Opinion filed February 24, 1943.

HUTTON, CLARK & HUTTON, of Danville, for appellants.

LINDLEY, JONES, GRANT & SEBAT, of Danville, for appellee.

MR. PRESIDING JUSTICE RIESS delivered the opinion of the court.

Petition for a writ of mandamus was filed in the circuit court of Vermilion county on June 5, 1942 by the plaintiff, at the relation of Fred B. and Alma D. Pletcher, as individuals, not suing as taxpayers for themselves and others but as owners and publishers of the Catlin Courier, a weekly newspaper, seeking an order of said court to compel the respondent appellee, William Dolan, Supervisor of the Town of Catlin of said county, to prepare, subscribe and publish in said Catlin Courier, as the only newspaper published in said Town, a more detailed and itemized verified statement than the one furnished to relators by respondent for publication, showing therein all funds received and expended from the treasury of said Town during the fiscal year ending on March 31, 1942, in compliance with the provisions of sections 5 and 6 of chapter 102 of Ill. Rev. Stat. 1941 [Jones Ill. Stats. Ann. 126.223, 126.224]. The petition alleged failure to comply with said statute within 30 days after the end of said fiscal year as therein required. The cause was heard by the court and at the conclusion of plaintiff's evidence, on respondent's motion, the petition was denied and the suit was dismissed at plaintiff's costs on the ground that a prima facie case had not been clearly made entitling plaintiff relators to the order for a prerogative writ as prayed.

The evidence showed that respondent officer had prepared a duly verified statement at the end of said fiscal year on April 7, 1942, setting forth 160 items detailing receipts and disbursements, together with

totals and balances in each fund, but omitting in some instances the names or the dates thereof or lumping certain cumulative payments to individuals appearing in the canceled warrants, which respondent contended to be in complete or substantial compliance with the requirements of said statute; that a duly signed and verified copy of said financial statement was submitted to relator Alma Pletcher by respondent on April 8, 1942, with the request that the same be published in said newspaper; that said relator took the same, but later came back to respondent and insisted that she see and examine respondent's books, records and canceled warrants and that he prepare a more detailed report showing separately each and every warrant, the date and amount thereof and to whom paid in each and every item and instance where a warrant was issued, to be so set forth in the verified report, or that she would not publish the same. After some controversy in relation thereto, the report was sent back to her for publication without alteration, which she refused to do, but kept the same for several weeks and until after the 30 day period had expired and neither during nor after said period did relators publish said report as requested. After such continued refusal, there being no other newspaper published in said Town, respondent caused said report to be published in the Danville Commercial News on June 9, 1942, being a newspaper of wide circulation in said Town of Catlin and published in Danville in said county. Thereupon, on June 15, 1942, relators filed suit herein.

Respondent insists that relator, under sections 7 and 9 of chapter 102 of said statutes [Jones Ill. Stats. Ann. 126.225, 126.227], was required to publish said statement as submitted and had no power to audit and pass upon the legal sufficiency of the report of said township officer or its specific form or contents or to refuse to publish the same as requested in compliance with the express terms of the statute. Respond-

ent repeatedly insisted that relators publish same and that if its form and contents did not fully or in all respects comply with the statutory requirements, he became subject to the statutory penalties therein provided, and requested that relators proceed accordingly.

Without reciting or analyzing all of the evidence and stipulations of parties herein, we hold that it appears therefrom that said Catlin Courier was one of three newspapers printed by relators at Georgetown; that said Courier having about "a couple of hundred" subscribers was taken each week for more than six months before the end of said fiscal year by relators and deposited in the post office at Catlin, and was published in Catlin; that the Commercial-News was printed and published at Danville, Illinois, in said county, and was widely circulated to subscribers in said Town of Catlin (*Polzin v. Rand McNally & Co.*, 250 Ill. 561, 95 N. E. 623); that relators arbitrarily and without warrant of law refused to publish the statement furnished by said respondent officer as required by statute, and that said respondent did not refuse to prepare and present for publication an itemized annual report (*People ex rel. Martin v. Village of Oak Park*, 372 Ill. 488, 492, 24 N. E. (2d) 571) but presented a duly verified report for publication in time and manner as provided by law, the preparation of the form and contents of which relators had no legal right to audit in advance, supervise, censor or refuse to publish, or to require respondent to prepare the same in such manner as they. in the exercise of their judgment and discretion, deemed a lawful compliance with the statute as to each and all of the various items thereof; or to decide as a condition precedent to publication whether such report as a whole constituted a lawful compliance with said statute. To hold otherwise would create endless doubt and confusion in advance of the publication of reports by public

officers upon whom that duty now devolves by law. Upon the legal sufficiency of said report in all respects, as to the various items thereof, under the facts in evidence, we are not required to pass in this proceeding.

A writ of mandamus is a discretionary writ and the court will not order it in doubtful cases. *Kenneally v. City of Chicago,* 220 Ill. 485, 77 N. E. 155; *People v. Cohen,* 355 Ill. 499, 503, 189 N. E. 489. If the right be doubtful it will be refused. *People ex rel. Hillard v. Davis,* 93 Ill. 133; *People v. City of Rock Island,* 215 Ill. 488, 74 N. E. 437. Courts, in granting or refusing writs of mandamus, exercise judicial discretion and are governed by what seems necessary and proper to be done in the particular instance for obtainment of justice. *People ex rel. Akin v. Board of Supervisors of Adams County,* 185 Ill. 288, 56 N. E. 1044; *People v. Cohen, supra,* 504; *People v. Nelson,* 346 Ill. 247, 178 N. E. 485; *Michigan-Grand Bldg. Corp. v. Barrett,* 350 Ill. 291, 306, 183 N. E. 205; *People v. Sweitzer,* 339 Ill. 28, 170 N. E. 728. ''When a writ of mandamus is asked the court may inquire whether it will operate impartially, create confusion and disorder, and whether it will or will not promote substantial justice. Courts, in the exercise of the discretion with which they are vested, may, in view of the consequences attendant on the issuing of a writ of mandamus, refuse the writ, though the petitioner has a clear legal right for which mandamus is a proper remedy.'' *People ex rel. Stettauer v. Olsen,* 215 Ill. 620, 74 N. E. 785; *People ex rel. Akin v. Board of Supervisors of Adams County, supra; People ex rel. Gamber v. Board of Supervisors,* 294 Ill. 579, 128 N. E. 645; *People v. Village of Oak Park, supra.*

The trial court properly held that plaintiffs, who had sued by relators as such owners and publishers, had failed to clearly establish a case entitling plaintiffs to the prerogative writ prayed, and the court

did not err in the exercise of its sound judicial discretion in denying the petition and dismissing the suit at plaintiff's costs. Here an extraordinary legal remedy was sought, the right of relators thereto was not clear and was not so shown by the evidence and we hold that the writ was properly denied. Finding no prejudicial nor reversible error in the record, the judgment of the circuit court of Vermilion county is affirmed.

*Judgment affirmed.*