(No. 29450.—

THE PEOPLE *ex rel.* Lillian Kula *et al.,* Appellants, *vs.*
JOHN F. O'CONNELL, Judge, Appellee.

*Opinion filed September 18, 1946.*

DAVID I. LIPMAN, and HARRY G. FINS, both of Chicago, for appellants.

EDWIN A. HALLIGAN, WILLIAM C. JASKOWIAK, and SAMUEL M. LANOFF, all of Chicago, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county dismissing a petition for a writ of *mandamus* to compel the respondent, John F. O'Connell, as judge of the probate court of said county, to expunge from the records of the probate court all entries of September 23, 1943, which purport to admit to probate the last will and testament and codicils thereto of Maryanna Motzny, deceased.

Maryanna Motzny died on July 9, 1943. The petitioners in the circuit court, hereinafter called appellants, are heirs-at-law and next of kin. There was filed in the probate court of Cook county three instruments in writing, one purporting to be the last will and testament of said Maryanna Motzny and two purporting to be codicils to said last will and testament. On September 23, 1943, a hearing was had in the matter of the proof of said last will and testament and codicils thereto. No objection is made to the notice of said hearing. At said hearing, the appellants were represented by counsel who participated in the examination of the subscribing witnesses. A transcript of the testimony of the subscribing witnesses was certified by Judge O'Connell. In his certificate he states: "I, John F. O'Connell, Judge of the Probate Court of Cook County, do hereby certify that the above and foregoing is a true and perfect transcript of the testimony taken before me on the 23rd day of September, A.D. 1943, in the matter of the proof of the last will and testament and first and second codicils thereto of Maryanna Motzny, deceased, pending in this Court." The appellants assert

that the testimony of the subscribing witnesses was not taken before Judge O'Connell but was in fact taken before Mr. Richard P. Fredo, a Deputy Probate Clerk, also designated as "Assistant to the Probate Judge."

The respondent, Judge O'Connell, placed upon said will and codicils:

"STATE OF ILLINOIS, ss.     IN THE PROBATE COURT OF COOK
COUNTY OF COOK,                   COUNTY

Will proved and two codicils and admitted to record in open court this 23rd day of September, 1943.

(Signed) Frank J. Lyman     (Signed) John F. O'Connell,

Clerk of the Probate Court            Probate Judge"

In Docket 243 at page 358 of the records of the probate court of Cook county, Illinois, the following entry appears:

"proof of will & 2 codicils 4 Sep. 23 1943"

On September 23, 1943, letters testamentary were issued to Mary Sitkowski, the executrix named in the will.

No appeal was ever perfected by the appellants from these proceedings of the probate court admitting the will and codicils to probate. On November 10, 1943, the appellants filed a complaint under oath to contest the will and two codicils in the circuit court of Cook county. This suit was predicated on the alleged incompetency of the testator and alleged undue influence exerted by certain heirs and legatees. On November 21, 1944, the appellants filed in said proceeding to contest the will an amendment to the complaint, in which they asserted the same irregularities in the admission of said will to probate as are asserted in this petition for a writ of *mandamus*. A motion to strike said amendment to the complaint was filed by the executrix and on January 18, 1945, the circuit court of Cook county entered an order striking this amendment to the complaint. Thereafter, on June 28, 1945, appellants filed a petition in the probate court seeking to expunge the entries purporting to admit the will and codicils to probate, which petition

was based upon the same irregularities relied upon in this *mandamus* proceeding. The executrix of the will filed a motion to strike said petition and on September 20, 1945, the probate court of Cook county entered an order striking said petition. On September 21, 1945, appellants filed this petition for a writ of *mandamus* in the circuit court of Cook county. On September 27, 1945, Judge O'Connell filed a motion to strike the petiton for *mandamus* and to dismiss the cause. Thereafter, on October 30, 1945, a hearing was had and the circuit court of Cook county entered an order sustaining the motion of Judge O'Connell to strike the petition, dismissed the suit and denied the writ. From this order this appeal is perfected.

Appellants rely upon the following errors for reversal.

1. The acts of Richard P. Fredo, deputy clerk of the probate court were contrary to and in violation of article III and sections 20 and 29 of article VI and section 2 of article II of the Illinois constitution, the fourteenth amendment to the United States constitution, and sections 69 and 70 of the Illinois Probate Act.

2. The presence of the attorney for appellants at the original probate proceeding before the deputy clerk did not validate said proceeding.

3. The filing of a will contest did not validate the proceeding before the deputy clerk of the probate court.

4. The striking of the amendment in the will contest was not *res judicata* of the issues herein.

5. *Mandamus* is the only remedy available to expunge a false entry from the records of a court.

6. The facts are disputed as to whether there is anything more than a docket entry and the trial court should have heard evidence on this issue.

Of these errors the contention that the original proof of the will and codicils was in fact not a legal proceeding in accordance with the law is argued most seriously. The

other errors take the form of "affirmative defenses," and we do not consider it necessary to pass upon them in order to decide this case.

Sections 329 and 330 of the Probate Act (Ill. Rev. Stat. 1945, chap. 3, pars. 483, 484,) provide:

"329. Appeal to Appellate or Supreme Court.) An appeal from a final order or decree of the probate court in a proceeding for the sale of real estate by an executor, administrator, guardian, or conservator may be taken by any person who considers himself aggrieved to the appellate or the supreme court of this state in the same manner as in other civil cases in courts of record."

"330. Appeal to Circuit Court.) An appeal from any other order, judgment, or decree of the probate court may be taken by any person who considers himself aggrieved to the circuit court by the filing in, and the approval by, the probate court of an appeal bond and the payment of the costs and fees of the appeal. The bond shall be filed and approved and the fees and costs paid within twenty days after the entry of the order, judgment, or decree appealed from or within such further time, not to exceed sixty days after the entry of the order, judgment, or decree appealed from, as the probate court may allow on application made within the twenty days."

No appeal from the action of the probate court admitting the will and codicils to probate was perfected by these appellants, although they were present at said hearing and were represented by counsel. In view of the fact that no appeal was taken by the appellants and since they do not show any reason or excuse for their failure to appeal, their right to test by *mandamus* the validity of the admission of the will to probate is dependant upon their showing from the records of the probate court that the proceedings had were void. In view of the certificate by John F. O'Connell, judge of the probate court of Cook county, in which he

certifies that the testimony in the matter of the proof of the last will and testament and the first and second codicils thereto of Maryanna Motzny, deceased, was taken before him on the 23rd day of September, 1943, it is the opinion of this court that the records of the probate court disclose that the statute was complied with and that the proceedings admitting the will and codicils to probate were not void.

Section 333 of the Probate Act (Ill. Rev. Stat. 1945, chap. 3, par. 487,) provides: "Upon an appeal to the circuit court the cause shall be tried de novo. An appeal may be taken from the circuit court as in other civil cases." Petitioners have not sought to avail themselves of an appeal under these sections of the Probate Act where they could have had a trial *de novo* in the circuit court. The records of the probate court do not disclose any irregularities which render them void, and it must be concluded that the circuit court of Cook county properly sustained the motion to strike the petition for writ of *mandamus*.

*Mandamus* is not a writ of right but is awarded in the exercise of sound judicial discretion according to legal principles. During the period of approximately two years the appellants prosecuted a will contest proceeding, which the estate of the decedent has been obligated to defend at considerable expense. The appellants did not seek to expunge the proceedings admitting the will to probate until they had apparently exhausted their other remedies. No valid reason is shown for the appellants' delay in filing their petition for a writ of *mandamus* nor is there any reason shown for their failure to appeal from the proceedings had in the probate court at the time the will was offered for probate. Courts in granting or refusing writs of *mandamus* are governed by what seems necessary and proper to be done in the particular instance for the attainment of justice. *People ex rel. Hamilton* v. *Cohen,* 355 Ill. 499; *Kenneally* v. *City of Chicago,* 220 Ill. 485; *People ex rel. Harrison* v. *Kelly,* 391 Ill. 136.

The action of the probate court complained of in this case has been before this court on previous occasions but has never been the subject of a direct attack. In *Wilkinson* v. *Service,* 249 Ill. 146, and in *Teter* v. *Spooner,* 279 Ill. 39, both will contest proceedings in which transcripts of the testimony of the subscribing witnesses taken in the probate court were offered in evidence in the circuit court, it was contended that the testimony was not taken by the probate judge but by an assistant and, therefore, said transcripts were not admissible. We held that the trial court did not err in refusing to allow parol testimony to contradict the certificate of the probate judge that the evidence of the subscribing witnesses was heard in open court before him. We stated in *Wilkinson* v. *Service*: "If it was not taken in open court as she now contends the law requires, it was her duty then to object."

It is the opinion of the court that the appellants herein, not showing any valid reason for their having failed to object to the alleged improper taking of the testimony of the subscribing witnesses and not having taken advantage of the provisions of the statute providing for appeal in such cases, are not now in a position to question this procedure by the extraordinary remedy of *mandamus.*

It is also contended by the appellants that there never was an order of the probate court admitting the will and codicils to probate. No authority is cited by appellants to the effect that an order admitting a will to probate is necessary. Section 69 of the Probate Act (Ill. Rev. Stat. 1945, chap. 3, par. 221,) and section 75 of the Probate Act (Ill. Rev. Stat. 1945, chap. 3, par. 227,) do not contemplate the necessity of a formal order of court admitting the will to probate. It is, therefore, the opinion of this court that in the case at bar the entry on docket 243, page 358, of the records of the probate court of Cook county, Illinois, and the certificate of the probate judge attested to by the probate clerk placed upon the will and

codicils was sufficient to show that said will and codicils were actually admitted to probate.

In view of the determination of these issues, it is not necessary for the court to pass upon the other questions raised by the parties hereto. The order of the circuit court of Cook county striking the petition for *mandamus*, dismissing the cause and denying the writ, is affirmed.

*Order affirmed.*