(No. 29451.—

L ILLIAN KULA *et al.,* Appellants, *vs.* MARY SITKOWSKI, Exrx., *et al.,* Appellees.

*Opinion filed November 20, 1946.*

168

DAVID I. LIPMAN, HARRY G. FINS, W. D. BELROY, and LOUIS ROSENTHAL, all of Chicago, for appellants.

EDWIN A. HALLIGAN, WILLIAM C. JASKOWIAK, and SAMUEL M. LANOFF, all of Chicago, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is a companion case to *People ex rel. Kula* v. *O'Connell,* 394 Ill. 409, and the answers to the questions

raised here will, in a large measure, be an echo of what was determined in the former case. Maryanna Motzny died testate July 9, 1943. Her will and two codicils were admitted to probate September 23, 1943. The instrument disposed of real and personal property. On November 10, 1943, plaintiffs-appellants, who were heirs-at-law of said decedent, started this suit in the circuit court of Cook county to contest the will and codicils on the grounds of mental incapacity and undue influence. The answers of defendants-appellees were all filed prior to August 1, 1944.

On November 20, 1944, plaintiffs obtained leave to amend their complaint by adding four additional paragraphs, the same to be designated as a subparagraph to the complaint. Defendants moved to strike the amendment and on January 18, 1945, the motion was sustained. It is contended that the court erred in striking the amendment.

The facts stated in the amendment were substantially the same as those pleaded in the petition for *mandamus* in *People ex rel. Kula* v. *O'Connell*, 394 Ill. 409. The argument made to sustain the filing of the amendment is in the main the same as was advanced by petitioner in the former action where the writ of *mandamus* was denied. In brief, the substance was that neither John F. O'Connell, judge of the probate court of Cook county, nor any other judge authorized to exercise the power of judge of said court, presided in the hearing on the probate of the will and codicils of said decedent, but that the evidence of the witnesses to the will and codicils was heard by Richard P. Fredo, who was a deputy clerk of the probate court. It was stated that he, as a deputy clerk, had no authority to exercise the power of a probate judge in the hearing of evidence on the admission of a will.

Plaintiffs' right of action to contest the will on the grounds of mental incapacity and undue influence was authorized by section 90 of the Probate Act. (Ill. Rev. Stat. 1945, chap. 3, par. 242.) Independently of a statute

no such right existed. (*Selden* v. *Illinois Trust and Savings Bank*, 239 Ill. 67; *Waters* v. *Waters*, 225 Ill. 559.) In a case brought under the statute, the issue is as to whether the writing offered as the will of the deceased is his last will and testament and no question may be raised as to whether the will was properly or improperly admitted to probate in the probate court. (*Dowling* v. *Gilliland*, 275 Ill. 76.) There can be no contest of a will unless there first be an order admitting the will to probate. *Sternberg* v. *St. Louis Union Trust Co.* 394 Ill. 452; *Shelby Loan and Trust Co.* v. *Milligan*, 372 Ill. 397; *Research Hospital* v. *Continental Illinois Bank and Trust Co.* 352 Ill. 510.

If plaintiffs' proposed amendment were permitted to stand, any issue raised thereon would be inconsistent with the purpose and prayer of the complaint. If it should be given the effect contended for by plaintiffs, it would nullify the prerequisite which is necessary under the statute to maintain the action to contest the will. The amendment was properly stricken.

On September 11, 1945, the cause was placed on the trial calendar for trial on October 3. On the date set for hearing, plaintiffs moved for a continuance on the ground that on September 21 they had filed a petition for *mandamus* in the circuit court against Judge O'Connell. This proceeding was the one previously referred to, 394 Ill. 409. Plaintiffs contended that they could not go to trial with the *mandamus* proceeding pending, for until it reached a final judgment it could not be known whether the will had been admitted to probate by a court of competent jurisdiction. A copy of the petition filed in the *mandamus* action was attached as an exhibit to the motion. The motion was denied and the case was called for trial. Plaintiffs' counsel announced that they were standing by their motion and, after making a full disclosure of their position with reference to the *mandamus* action, the court ordered the suit

dismissed for want of prosecution. The denial of the motion for continuance or a stay of the proceedings is assigned as error.

It is true that if the final judgment entered in the *mandamus* action had nullified the order admitting the will to probate, such conclusion would have ended plaintiffs' right to proceed in this action. But such possibility did not make it necessary to stay the trial in this action until the other was prosecuted to a final judgment. The two actions presented separate and distinct issues and the evidence which would establish a case in the instant action was in noway involved in the *mandamus* suit. Plaintiffs do not claim that the pendency of the *mandamus* action prevented them from preparing this case for trial or interfered in the protection of their client's rights. A trial court is vested with judicial discretion in the arrangement of cases on the trial calendar, and in determining their priority, and so long as there is no abuse of that discretion its action will not be changed by a court of review. For cases involving the same principle see *Benton* v. *Marr,* 364 Ill. 628, and *Condon* v. *Brockway,* 157 Ill. 90.

On November 1, 1945, after the cause had been dismissed on October 3, plaintiffs moved to vacate the order on the ground that it had recently been ascertained that a minor whom they had named as a party defendant had not been served with summons. There is no reason shown for the neglect of plaintiffs' counsel in not ascertaining at an earlier date that the minor had not been served with process. At any rate, the minor had no interest in the estate except by the will. The dismissal of the action for want of prosecution was in his favor and certainly plaintiffs cannot, under the circumstances, use their own neglect as a means to vacate the decree dismissing the case for want of prosecution.

The decree of the circuit court was correct and is affirmed.

*Decree affirmed.*