THELMA S. BUGBEE *v.* ROBERT A. KIMMICH, MEDICAL DIRECTOR OF THE TERRITORIAL HOSPITAL; CHARLES H. SILVA, DIRECTOR OF INSTITUTIONS; AND JOHN V. FERNANDEZ, PETER E. CHU AND WILL B. JOHNSTONE, JR., CIVIL SERVICE COMMISSION OF THE TERRITORY OF HAWAII.

No. 3007.

ARGUED MAY 23, 1957.    DECIDED OCTOBER 1, 1957.

RICE, C. J., STAINBACK AND MARUMOTO, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The petitioner-appellee was employed by the Territorial Hospital, of the Department of Institutions, of the Territory of Hawaii, as a psychiatric social worker on June 1, 1949. In July of 1953 the medical director of the hospital and the director of the department of institutions discussed the employment of appellee and it was decided by both officers that the appellee should be given an opportunity to resign and, upon failure thereof, she would be dismissed. Appellee refusing to resign, she was given a writ-

ten notice of dismissal signed by the medical director of the hospital advising her that effective August 7, 1953, she was dismissed from her position "for the good of the service," as provided by section 75, Revised Laws of Hawaii 1945, as amended by Act 319, Session Laws of 1951.

After receiving the letter of dismissal the petitioner made inquiries of Dr. Silva regarding her dismissal and was told by him in substance that he was aware of what was going to take place, that Dr. Kimmich had expressed the necessity to dismiss petitioner, and he had taken the position with Dr. Kimmich and approved the action of dismissal.

On August 10 appellee filed with the territorial civil service commission an appeal from such dismissal.

Prior to the hearing before the civil service commission the petitioner-appellee made a motion for a bill of particulars. Such bill was not provided but after a hearing of the government's case the petitioner was given such time as she might desire to prepare her defense and the hearing was postponed from September 9 to September 22 for that purpose. Mr. Kendall, who was acting on behalf of the petitioner, stated that in his opinion such time was fair.

The civil service commission heard the appeal on September 29 and rendered a decision upholding the dismissal, finding evidence to support the charges of:

"(1) Creating dissension and unrest among the employees of the Territorial Hospital, and

"(2) Insubordination."

On December 16, 1953, appellee filed a petition for an alternative writ of mandamus which was issued the same day. In the petition for the alternative writ the grounds for relief were alleged to be: (1) that her dismissal was illegal and void for the reason that the appellee was not dismissed by her appointing authority; (2) that her dismissal was illegal for the reason that the notice of dis-

missal failed to set forth the specific reasons therefor; (3) that her dismissal was illegal for the reason that it violated rights guaranteed by section 88, Revised Laws of Hawaii 1945, as amended by Act 319, Session Laws of 1951; (4) that her dismissal was wrongful and void for the reason that the civil service commission in sustaining the dismissal of appellee based its decision on erroneous, confused and unwarranted findings and opinions prejudicial to her.

Appellee prayed for: (1) Reinstatement to her position as a psychiatric social worker; (2) Back salary from the date of dismissal to the date of reinstatement; (3) All vacation, sick leave, retirement credits and other rights, privileges and benefits of a regular employee from the date of dismissal to the date of reinstatement.

The judge found the dismissal was illegal and void because it was made by the medical director of the hospital rather than by the director of the department of institutions, and ordered reinstatement as prayed for, back pay, and restoration of vacation and sick leave credit.

The Revised Laws of Hawaii 1955 provide:

"An appointing authority may dismiss or demote any employee when he considers that the good of the service will be served thereby. * * *

"No dismissal or demotion of a regular employee shall be effective for any purpose unless at least ten days before the effective date thereof the appointing authority shall have given to such employee a written statement setting forth the specific reasons upon which such dismissal or demotion is based and filed a copy of such statement with the directors." (R. L. H. 1955, § 3-24.)

The purposes of the statute are: (1) the requirement that written notice must be given by the appointing authority, that is, the act of dismissal must be that of the appoint-

ing authority; (2) the written statement setting forth the specific reasons for such dismissal is to give the employee an opportunity to answer the charges of the appointing authority; and (3) the hearing before the civil service commission.

While the statute says the written notice must be given by the appointing authority, it does not say that it must be signed by him or written by him. It must be his act, and we take it that the appointing authority could direct some subordinate or even a clerk to give such notice. If it is shown to be the act of the appointing authority, we deem that would be sufficient. *Qui facit per alium facit per se.*

That the act of dismissal was participated in by the head of the department is shown by the testimony of the petitioner herself as to what happened when she went to visit him before the hearing on the dismissal. The witness testified that when she visited Dr. Silva he stated he was aware that the dismissal was going to take place; that Dr. Kimmich had expressed the necessity to do so, and he had taken the position with Dr. Kimmich.

The following exchange of questions and answers took place in the court below:

"THE COURT: In other words, he merely approved the action taken by Dr. Kimmich.

"WITNESS: He agreed to let him pursue it.

"THE COURT: And that was before or after the hearing?

"WITNESS: That was before the hearing.

"THE COURT: So at the time of the hearing, you knew from your own knowledge that Dr. Sylva was aware of the action taken by Dr. Kimmich, and by his action or words, he approved the action. In other words, he took no action to reinstate you — let it remain the way it was. He approved the action taken by Dr. Kimmich."

There can be no question that Dr. Silva approved, ratified and participated in the dismissal of the petitioner. Although the actual notification was signed by Dr. Kimmich, it was *authorized* and approved by the head of the department. The hand was the hand of Esau, but the voice was the voice of Jacob.

However, without deciding the point as to whether the notice must actually be signed by the appointing authority, in the present case it is obvious that the petitioner knew that the appointing authority had authorized and participated in the dismissal and no objection was made that the dismissal notice was signed by Dr. Kimmich and was not personally signed by Dr. Silva.

If there were a requirement that the particular paper be signed by the appointing authority, the petitioner waived such by not raising it at the time of the notice of her dismissal when she visited the appointing authority, or at least at the time of the civil service hearing.

The petitioner was in no position to ignore what she now claims is a vital necessity, namely, the signature of the appointing authority to her dismissal. If she had raised the point at the time of the notice of her dismissal, or even at the time of the civil service hearing, the appointing authority could have signed a dismissal order and no doubt would have, but she made no point of the lack of his signature. Even after the dismissal and her petition for reinstatement she made no point of the failure of the dismissing officer to sign the notice, but only months later when she came into court to review the decision of the dismissing officer and the civil service commission did she make a point of this matter.

While the decisions of other jurisdictions construing their statutes are not of great weight in construing statutes within our jurisdiction, we note that in *People ex rel. Hamilton* v. *Cohen,* 355 Ill. 499, 189 N. E. 489, a discharge

notice was signed by the chief state factory inspector and the notice stated the cause of discharge was for destroying records and compiling changed records to replace those destroyed. Within the time limit the employee filed with the civil service commission a statement alleging that his removal was made for political causes and not for the reason set forth in the discharge notice. A hearing was had upon the employee's appeal. After the conclusion of the hearing on merits, the employee filed a motion to be reinstated for the reason that *the discharge was not signed by the appointing officer* as required by the Illinois civil service law. The civil service commission made no ruling upon this latter point but refused to reinstate the employee. The employee then filed a petition seeking a writ of mandamus to compel the civil service commission and his appointing authority to reinstate him to his former position. The petition was dismissed and the decision was upheld by the Illinois supreme court, stating as follows:

"The statement filed by the relator within five days after his removal admitted that he was discharged, and he demanded a hearing before the commission on the sole ground that the charge was invalid because it was based on political causes. It was not until after two hearings were had upon that issue, and more than two months after his discharge, that he made a motion to be reinstated because the statement of discharge was not signed by the appointing officer. The theory of the motion is utterly inconsistent with the allegations of his original statement. *The statement did not question the fact of his discharge by the appointing officer, but admitted it.* The motion, however, asserts that he was not discharged by the appointing officer. It is a general rule that, where a party gives a reason for his conduct and decision touching anything involved in a controversy, he cannot, after litigation has begun,

change his ground and assign another and an inconsistent cause for his action. * * *

"A writ of mandamus is a discretionary writ, and the court will not order it in doubtful cases. * * * It is detrimental to orderly procedure to permit a party who has caused witnesses to be examined and the commission to sit in hearings to change front and ask for relief on altogether new and different grounds. There is no reason at all shown for the relator's delay in making the motion. *Courts,* in granting or refusing writs of mandamus, exercise judicial discretion, and *are governed by what seems necessary and proper to be done in the particular instance for the obtainment of justice."* (Emphasis added.)

As stated in *Hoopii* v. *Sinclair etc. et al.,* 40 Haw. 452, 458: "The territorial statute wisely delegates to the appointing authority a wide and final discretion in the matter of demotion or dismissal of employees."

Mandamus will not lie to control the discretion vested in a public officer. (*Keim* v. *United States,* 177 U. S. 290.)

" 'The exercise of a discretion, though erroneously, if not corruptly exercised, cannot be reviewed in a petition for a *mandamus* * * *.' " (*Hoopii* v. *Sinclair etc. et al., supra,* quoting from *Manger* v. *Board of State Medical Examiners,* 90 Md. 659, 671, 45 Atl. 891, 894.)

Does the particular instance require the issuance of mandamus and a reversal of the finding of the head of the department and the civil service commission?

The petitioner was served with notice of her dismissal and even had a personal interview with the appointing authority; she was given notice of the reasons for the dismissal; she was given a fair and impartial hearing before the civil service commission which, in upholding the dismissal, found that petitioner was guilty of "(1) Creating dissension and unrest among the employees of the Terri-

torial Hospital, and (2) Insubordination."

Surely justice would not be served in this case by any interference after a fair and impartial hearing upon charges of which the petitioner had ample notice and opportunity to defend.

Judgment reversed.

*Harold W. Nickelsen,* Deputy Attorney General (*Frank D. Gibson, Jr.,* Special Deputy Attorney General, with him on the briefs), for appellants.

*Michiro Watanabe* (also on the brief) for appellee.